798 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Deborah PARKER, Plaintiff-Appellant,
v.
TRW, INC., Defendant-Appellee.
 No. 84-3576.
 United States Court of Appeals,
Sixth Circuit.
 July 8, 1986.
 
 Before LIVELY, Chief Judge, and WELLFORD and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiff appeals from summary judgment for the defendant in this action brought pursuant to Title VII of the Civil Rights Act of 1964. In her complaint the plaintiff charged the defendant, her former employer, with unlawful discrimination in her discharge. The plaintiff is black and she alleged that her discharge was based on her race.
 
 
 2
 Plaintiff began working for TRW in 1979 and following a work-related injury she took numerous authorized medical leaves of absence, periodically receiving extensions of those leaves. Plaintiff's final medical leave began on February 3, 1981 and expired on March 9. Her treating physician released plaintiff without restriction to return to work on March 9, but plaintiff never returned. Plaintiff was requested to document any continuing disability in order to extend her authorized leave, but she never submitted further authorization requests. TRW scheduled an examination with its medical insurance carrier, but plaintiff failed to appear and declined to reschedule the appointment. Approximately six months after expiration of her leave of absence, TRW notified plaintiff that she was being terminated pursuant to the provisions of a collective bargaining agreement. The plaintiff filed a timely EEOC complaint alleging retaliation for having filed an earlier discrimination complaint with the Ohio Civil Rights Commission, and race discrimination in her discharge. After receipt of a right to sue letter plaintiff filed this action in the district court.
 
 
 3
 The district court found that plaintiff had established a prima facie case of employment discrimination by showing that she was a member of a protected class, that she was qualified for the job she performed, that she was satisfying the normal requirements of the job and that she had been terminated. The court then found that TRW articulated a legitimate, nondiscriminatory reason for plaintiff's discharge by showing that plaintiff had failed to return to work at the expiration of her final medical leave and had not taken the required steps to obtain authorization to extend that leave. The district court found that plaintiff had failed to show that the reason for discharge given by TRW was pretextual and under the holding of Texas Department of Community Affairs v. Burdine 450 U.S. 248 (1981), entered summary judgment in favor of TRW.
 
 
 4
 On appeal plaintiff concedes that TRW offered a legitimate, nondiscriminatory reason for her discharge, but argues that she "offered a reasonable excuse for her absence" and the fact that TRW waited six months to discharge her shows that its stated reason was unworthy of belief. The district court concluded that the plaintiff had produced nothing from which it could find that the articulated reason for the discharge was pretextual arid our examination of the record convinces us that this determination was correct.
 
 
 5
 Upon consideration of the briefs and record on appeal, oral argument having been waived, this court finds no error in the district court proceedings. Accordingly, the judgment of the district court is affirmed.